Code provides that, where a superior city court has jurisdiction of an action or special proceeding, it possesses the same jurisdiction, authority, and power in and over the same, and in the course of proceedings therein, which the supreme court possesses in a like case; and it may render any judgment or grant any relief which the supreme court might render or grant in a like case.    In the case of *Sire* v. *Kneuper*, 3 N. Y. Supp. 533, the court of common pleas, special term, held that the court had the power, under sections 818 and 3347 of the Code, to remove an action brought in a district court of New York city into the common pleas for the purpose of consolidating the action with one pending in the common pleas.    In the case of *McKay* v. *Reed*, 12 Abb. N. C. 58, note, the city court of New York held that that court also could remove causes pending in district courts to the city court for purposes of consolidation.    Under the three sections of the Code above cited, I believe the court has power to grant this motion; and it becomes a matter of discretion whether it should exercise that power.    *Bank* v. *Hay*, 8 Daly, 328, 331.    It appears that the causes of action are such as may be joined in the same complaint, and that the questions which will arise in both of the actions are substantially the same, and that the defense will be substantially the same in both.    If, therefore, it does not appear that the plaintiff will suffer any great delay or other prejudice, the motion should be granted.    *Dunning* v. *Bank*, 19 Wend. 23.    The fact that the suits were brought at different times, and that the second cause of action had not accrued at the time the first suit was commenced, is no objection to the motion.    *Dunning* v. *Bank, supra.*    In case of any prejudice to the plaintiff, terms may be imposed as a condition for granting the motion, (*Soloman* v. *Belden*, 12 Abb. N. C. 58;) but I cannot see how plaintiff can be seriously inconvenienced by consolidating the action.    The motion is granted, without costs.    The order must provide that the complaints in the two actions stand as the complaint in the consolidated action, and it must require the defendant to serve his answer in the actions thus consolidated on or before April 28, 1892, the day upon which the time to answer will expire in the action pending in this court.

---

## *In re* LOWE.

*(Supreme Court, General Term, Fourth Department.   April, 1892.)*

INSANITY—PETITION FOR REMOVAL OF COMMITTEE.

> Where a committee of lunacy was appointed of the person and estate of one to whom no notice of the proceedings was given, and she subsequently petitioned for the removal of such committee, and the preponderance of the evidence was in favor of her sanity, it was error for the trial court not to permit her to appear in person, and be examined as to her mental soundness.

Appeal from Madison county court.

Petition by Jemima Lowe for the removal of a committee of lunacy appointed of her person and estate.   From an order denying the petition, petitioner appeals.   Reversed.

Petitioner is a married woman, upwards of 73 years of age, who was married to John Lowe, who resides at Munnsville, Madison county, N. Y., over 52 years ago.   The petitioner and her husband formerly resided in the city of Toronto, in the dominion of Canada.   The petitioner seems to have some $2,500 on deposit in the Onondaga Savings Bank and $2,500 on deposit in the Syracuse Savings Bank in the city of Syracuse.   It seems that in the month of August, 1890, after the petitioner went to Canada, her husband commenced proceedings before the Madison county court to have a committee of her person and estate appointed; and on August 22, 1890, James Lowe, nephew of John Lowe, the husband, was appointed committee of the person and estate of said Jemima Lowe, and no notice for the application for the appointment of said committee, or of the time and place of the execution of the proceed-

ings, was given to the alleged lunatic.. On March 13, 1891, motion papers-
for the removal of the committee were served upon the committee, and on
April 10, 1891, the Madison county court denied the motion, but "with leave
to the petitioner to renew the same upon fresh papers, as she may be ad-
vised." On August 20, 1891, a second notice of motion was served for the
removal of the committee, and on August 2, 1891, the court again denied the
motion, and the order is filed in the Madison county clerk's office, and the
appeal before us is from that order. It has been asserted in behalf of the
petitioner that the order of August 22, 1890, appointing a committee, is void,
as "no notice of either the application for a commission having been given to
the alleged lunatic, or of the place or time of holding of the inquisition;" but
the decision of the general term, first department, in *Re Blewitt*, 16 N. Y.
Supp. 305, holds that the failure to give such a notice is a "grave irregular-
ity," and it does not "deprive the court of jurisdiction where the allegations
of the petition show presumptively that the person is incompetent to manage
his affairs by reason of lunacy."

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Wilson, Kellogg & Wells,* for appellant. *Charles Shumway,* for respond-
ent.

PER CURIAM. The petition presented for the removal of the committee-
stated that a notice had not been given to the petitioner. The notice of mo-
tion asked for an order that the committee be removed, and for such other
relief as might be just. No sufficient reason seems to be given for not hav-
ing served upon the appellant notice of the proceedings for the appointment
of a committee. See section 2325 of the Code. In behalf of the appellant it
was asked that she might be permitted to personally appear, and be examined
as to her sanity. No such opportunity seems to have been afforded her by the
county court. The preponderance of the evidence and the weight of the affi-
davits found in the appeal book seem to be in favor of the sanity of the appellant.
If an oral examination had been had of the affiants, that court might have come
to the conclusion that the committee should be removed, and the property re-
stored to the petitioner. Viewing the evidence and affidavits found in the
appeal book as we do, we think the order appealed from should be reversed.
Upon further proceedings before the county court an oral examination of wit-
nesses may be ordered before the court, or a referee appointed for such pur-
pose. When such an investigation shall have been had. before the court or
a referee, and the evidence thus taken been considered, a result may be
reached upon the evidence produced by both parties which will be more sat-
isfactory to the conscience of the court below, as well as to this court. Or-
der reversed, with $10 costs and disbursements, and proceedings remitted
to the county court of Madison county.

---

SALLS *et al. v.* SALLS *et al.*

*(Supreme Court, Special Term, St. Lawrence County.* November, 1891.)

1. DEBTS OF DECEDENTS—LIEN ON PERSONALTY—MORTGAGES—PRIORITY.
   Where a decedent's personalty is insufficient to satisfy his debts, and an heir
   . mortgages his interest in the land to a mortgagee in good faith without notice of
   the debts, and the three years, during which Code Civil Proc. § 2750, provides that
   a decedent's debts shall be liens on his land, elapses without application to the sur-
   rogate for a sale to pay the debts, the mortgage acquires priority over the debts.
2. COSTS—NON-ANSWERING DEFENDANTS.
   In partition, defendants who have not answered cannot claim costs.

Action by David M. Salls and others against Lovina C. Salls and others for
partition of land descended from Enoch B. Salls, deceased. Decedent at the
time of his death was indebted to defendants Baird and Craig, and they now
seek to have their claims against decedent adjudged prior to a mortgage exe-